Beatrice Martinez **DELGADO** and **Gilbert Hernandez Rodriguez, Appellants,**

v.

**UNITED STATES of America,**
**Appellee.**

**No. 18880.**

United States Court of Appeals
Ninth Circuit.

Jan. 16, 1964.

Wm. Bryan Osborne, Los Angeles, Cal., for appellants.

Francis C. Whelan, U. S. Atty., Thomas R. Sheridan, Asst. U. S. Atty., Chief, Crim. Section, and William D. Keller, Asst. U. S. Atty., Los Angeles, Cal., for appellee.

Before CHAMBERS, HAMLEY and DUNIWAY, Circuit Judges.

DUNIWAY, Circuit Judge.

Rodriguez and Delgado were each convicted under counts 8 and 9 of an indictment. Separate judgments were entered against each, and each appeals. The charge was violation of 21 U.S.C. § 176a, in receiving, concealing and facilitating transportation and concealment of marijuana, which they knew had been imported into the United States contrary to law. We are of the opinion that the evidence was insufficient to sustain an essential element of the offense, possession, upon which alone the government relied. (See second paragraph of section 176a).

Stated most favorably to the government, the evidence shows the following: Rodriguez and Delgado were living together as "common law" spouses (which is merely inaccurate shorthand for being unmarried but living as if married), with their two children, at 910 Boyle Street, Los Angeles. With the consent of one of them,[1] the premises were searched. The bedroom which they occupied contained a double bed, a dresser, a TV set, and, at the foot of the bed, a night stand. There was also a closet, and in it the officers found a tan purse containing $150. Miss Delgado said it was hers. In the right top drawer of the dresser, they found another purse, containing $500. Miss Delgado said it was hers. She said she had saved part of the money "from her unemployment," and her "husband" had given her part of it, and "she had worked some." In a drawer of the night stand, the officers found seven marijuana cigarettes (count 9), and a small quantity of loose marijuana inside a folded newspaper (count 8). Miss Delgado declined

---

1. It is claimed that the search was unlawful, and that no actual consent was given. We do not reach these questions.

to answer a question as to whether the marijuana belonged to her. Also in the night stand were pocket books (paperbacks).

It is fundamental to our system of criminal law that guilt is individual. Here, that means that there must be sufficient evidence to support a finding, as to each defendant, that he or she had possession of the marijuana. Possession can be joint as well as several, "constructive" as well as "actual." It must also be knowing. But here it is pure speculation as to whether Rodriguez alone, or Delgado alone, or both of them, had possession. No doubt one of them did; perhaps both did. But proof that does not give a rational basis for resolving the doubts necessarily present in the situation pictured to the jury in this case is not sufficient. (See Evans v. United States, 9 Cir., 1958, 257 F.2d 121; Williams v. United States, 9 Cir., 1961, 290 F.2d 451; Arellanes v. United States, 9 Cir., 1962, 302 F.2d 603).

The judgments are reversed.