**UNITED STATES of America, Plaintiff–Appellant,**

v.

**Christopher FRUSHON, Defendant–Appellee.**

**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Christopher FRUSHON, Defendant–Appellant.**

**Nos. 93–10042, 93–10045.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 5, 1993.

Decided Nov. 30, 1993.

1993) (easement under RS 2477 no bar to rea-   sonable Forest Service regulations).

Jennifer Levy, Asst. U.S. Atty., Washington, DC, for plaintiff-appellant-appellee.

Bram Jacobson, Arizona Federal Public Defenders, Phoenix, AZ, for defendant-appellee-appellant.

Before: CANBY, and NOONAN, Circuit Judges, and ORRICK,* District Judge.

---

* William H. Orrick, Jr., Senior United States District Judge for the Northern District of California, sitting by designation.

NOONAN, Circuit Judge:

Christopher Frushon appeals his conviction of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g). The government appeals the sentence imposed by the district court. We affirm the conviction but remand for resentencing.

## THE EVIDENCE

█ Frushon contends that the evidence was insufficient to support his conviction. We must affirm if any rational trier of fact could have found all the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979). Viewing the evidence in the light most favorable to the government, the following facts were established:

On December 19, 1991 agents of the Bureau of Alcohol, Tobacco and Firearms executed a search warrant at a mobile home identified in the warrant as that of Christopher Frushon. A woman who identified herself as Mrs. Frushon answered the door and admitted the agents. In the north bedroom they found a Mossberg 12-gauge shotgun leaning against the wall along the headboard of the bed and in a gun rack directly over the bed a Savage 24 Series combination gun, an H & R single barrel Model 58 shotgun and a Mossberg Model 500A 12-gauge shotgun. Ammunition was found in a bag in the night stand within two feet of the bed. Other boxes of ammunition and a bandoleer of shotgun ammunition were found in a chest in a closet in the corner of the bedroom. In a box on the dresser opposite the foot of the bed were two receipts. One was dated September 14, 1991 and made out to Chris Frushon for the purchase of a Mossberg 12-gauge shotgun, serial number K492029. The number was the same as the number of the shotgun leaning against the wall. The other receipt was dated December 18, 1990 and was made out to Chris Frushon for the acquisition of a shotgun from a pawn shop. In a desk drawer of the living room the agents found a California Prison Privilege Card is-

sued to Frushon and a photograph of him holding a shotgun identifiable as the one leaning against the wall.

The agents also searched with a warrant a service station operated by Frushon, recovering there various types of ammunition including ammunition for a 12–gauge shotgun.

Frushon points to the fact that he was not present at either the service station or the mobile home when they were searched and the additional fact that his fingerprints were not found on the weapons. He contends that neither place was under his exclusive control. He concludes there was insufficient evidence of his possession, which "means dominion and control" not "mere proximity." *United States v. Ocampo*, 937 F.2d 485, 489 (9th Cir.1991) (drugs found in truck at residence owned by defendant not proved to have been possessed by the defendant when he did not have the keys to the truck). Frushon contends that "[f]or almost 30 years this Court has held that joint occupancy of a residence is not enough to show possession." *Delgado v. United States*, 327 F.2d 641, 642 (9th Cir.1964) (drugs found in drawer of the nightstand in a residence shared by defendant and man she was living with not proved to have been possessed by defendant).

The principles set out by Frushon are incontestable, and the cases he cites are still valid. The facts of his case are different. The purchase receipt for the Mossberg 12–gauge shotgun found in the bedroom connects him beyond dispute with ownership of the shotgun. The photograph equally identifies him as the person whose gun it was. Not the slightest evidence at trial suggested that the woman who identified herself as his wife purchased or possessed the guns. Ample evidence was presented justifying the jury's conclusion that the mobile home belonged to Frushon and that the firearms found in the bedroom belonged to him as well. The jury could properly infer that he possessed the weapons since he must have known of their presence in his home and must have had physical access to, and control over, them.

## THE SENTENCE

■ The district court found that Frushon's crime was at an offense level of 18 and that he had a criminal history category of IV, yielding a sentencing range of 41 to 51 months. The court sentenced him to forty-one months, the low end of the applicable range. In doing so, the district court did not follow the recommendation of the presentence report that Frushon be sentenced as a career criminal. The government appeals, contending that he should be sentenced as a career criminal.

Our starting point must be the statute. Chapter 44 of Title 18 is entitled "Firearms". The provision of Chapter 44 under which the government seeks to sentence Frushon as a career criminal is 18 U.S.C. § 924(e)(1), which begins: "In the case of a person who violates Section 922(g) of this title and has three previous convictions by any court referred to in Section 922(g)(1) of this title for a violent felony ... such person shall be ... imprisoned not less than fifteen years...." The statute then goes on in subsection (e)(2)(B) to define violent felony as "any crime punishable by imprisonment for a term exceeding one year." As a crime punishable for a term exceeding one year is earlier defined in Chapter 44 we turn to that definition.

The very first section of Chapter 44, § 921, is entitled "Definitions" and begins: "As used in this chapter—". The following sections set out a number of definitions. At Section 20 there is this provision:

(20) The term "crime punishable by imprisonment for a term exceeding one year" does not include—

(A) any Federal or State offenses pertaining to antitrust violations, unfair trade practices, restraints of trade, or other similar offenses relating to the regulation of business practices, or

(B) any State offense classified by the laws of the State as a misdemeanor and punishable by a term of imprisonment of two years or less.

What constitutes a conviction of such a crime shall be determined in accordance with the law of the jurisdiction in which the proceedings were held. Any conviction which has been expunged, or set aside or for which a person has been pardoned or has had civil rights restored shall not be considered a conviction for purposes of this chapter, unless such pardon, expungement, or restora-

tion of civil rights expressly provides that the person may not ship, transport, possess, or receive firearms.

This definitional statute plainly states that what constitutes conviction "of such a crime", meaning "crime punishable by imprisonment for a term exceeding one year," shall be determined in accordance with the law of the jurisdiction in which the conviction was obtained. If the proceedings were state proceedings, state law determines "what constitutes a conviction of such a crime." Unless there is another part of the statute overriding this definition, or controlling case authority to the contrary, we must adhere to the plain language of the statute.

The government argues that we should not use the definition because of a statement in *United States v. Sherbondy,* 865 F.2d 996, 1004–1005 (9th Cir.1988) that Congress has defined in Section 924(e) itself what constitutes a violent felony. But the government misunderstands the point of *Sherbondy.* It is true that "violent felony" is explicitly defined in (e)(2)(B)(i) and (ii) as a crime that has, as an element, the use, attempted use, or threatened use of physical violence against the person of another, or is burglary, arson or extortion, or involves the use of explosives, or otherwise involves conduct presenting a serious potential risk of physical harm to anyone. These characteristics of a violent felony are obviously matters of federal law, as *Sherbondy* held. But neither *Sherbondy* nor section 924(e) address the meaning of "any crime punishable by imprisonment for a term exceeding one year."

■ On that point the same judge of this circuit who was the author of *Sherbondy* explicitly noted that a crime punishable by a term exceeding one year is defined in Section 921(a)(20). *United States v. Geyler,* 932 F.2d 1330, 1332 (9th Cir.1991). Strictly speaking, neither *Sherbondy* nor *Geyler* control, for neither addressed the question now before the court. Nonetheless, *Geyler's* emphasis on the statute's plain language, *id.* at 1335–1336, as well as its general tenor, confirm the result reached here. Not only is the statute clear, but our case law is consistent with the clear language. Whether Frushon has committed a crime punishable by a term of imprisonment exceeding one year must be determined in accordance with state law.

■ For purposes of enhancement under California law, according to which Frushon was earlier convicted of burglary, he was convicted of a single crime. *In re Harris,* 49 Cal.3d 131, 260 Cal.Rptr. 288, 775 P.2d 1057 (1989). That decision, however, does not determine whether under California law he had a single conviction of burglary. Only for state enhancement purposes does California require "the formal distinctiveness of the prior proceedings." 49 Cal.3d at 135, 260 Cal.Rptr. at 290, 775 P.2d at 1059. The state law on state enhancement does not affect the nature of the original convictions. California's *enhancement* scheme has no bearing on federal enhancement schemes. *United States v. Harden,* 846 F.2d 1229 (9th Cir.1988), *cert. denied,* 488 U.S. 910, 109 S.Ct. 264, 102 L.Ed.2d 252. As *In re Harris* itself made clear, two convictions can still exist as a result of two counts on which the defendant is charged and convicted in the same proceeding. 49 Cal.3d at 133, 260 Cal. Rptr. at 289, 775 P.2d at 1058.

■ We turn to the question whether there was proof that Frushon had been convicted in California of three crimes carrying a term of imprisonment for more than one year. The government had the burden of proof. *United States v. Kemp,* 938 F.2d 1020, 1025 (9th Cir.1991). The proof had to be by the preponderance of the evidence, meaning not mere quantity of evidence but evidence of a sufficient quality to convince the district court's mind of the truth of the proposition asserted. *United States v. Restrepo,* 946 F.2d 654, 661 (en banc 9th Cir. 1991).

What the government offered was the presentence report. The presentence report "is admissible evidence", but it is "generally hearsay, even remote hearsay at the second and third remove." *United States v. Fine,* 975 F.2d 596, 603 (9th Cir.1992).

The presentence report in relevant part ran as follows:

| 30. Date of Arrest | Conviction/ Court | Date Sentence Imposed/Dispo. |
|---|---|---|
| 06/22/87 (age 24) | Burglary, first degree (five counts) Orange County Superior Court Case C–65171 | 0/1/88: Two years on Count I, two years concurrent on Counts II and III, and 2⅔ years on Counts IV and V to be served consecutive to Counts I, II, and III |

31. The defendant committed numerous residential burglaries. At several crime scenes, the defendant's fingerprints were found. In one charge, the defendant attempted to sell some of the stolen items. He was represented by counsel.

32. The defendant was also charged in Orange County Superior Court case C–66666 on three counts of burglary, first degree. These counts were consolidated into case C–65171 as Counts IV, V and VI.

■ Under California law each entry into a dwelling with the intent to commit burglary should be charged as a separate crime. *People v. Kittrelle*, 102 Cal.App.2d 149, 155, 227 P.2d 38, 41 (1951). If this standard was observed in the Superior Court of Orange County, Frushon had burglarized five different dwellings and was convicted of five separate felonies under California law. At his federal sentencing Frushon did not challenge the presentence report's accuracy or this conclusion that could be drawn from it. If the district court is convinced of the accuracy of the presentence report, it should resentence Frushon as a career criminal.

**AFFIRMED** as to conviction. **REMANDED** for sentencing.

CANBY, Circuit Judge, concurring:

I concur in that portion of Judge Noonan's opinion that deals with sufficiency of the evidence. I also concur in the result reached with regard to the sentence, but on different grounds.

In my view the sentencing issue is controlled by 18 U.S.C. § 924(e), which provides an enhanced sentence for a person who "has three previous convictions by any *court* referred to in section 922(g)(1) of this title for a violent felony or a serious drug offense, or both, *committed on occasions different from one another....*" (Emphasis added). When the question is whether several crimes that are tried together constitute one offense or multiple offenses for purposes of federal enhancement, this language controls. If the offenses of which Frushon was previously convicted were committed on different occasions, as the presentence report suggests, they each count as one offense for purposes of career offender enhancement.

It is true that 18 U.S.C. § 20 provides that "[w]hat constitutes a conviction of such a crime shall be determined in accordance with the law of the jurisdiction in which the proceedings were held." But that reference is clearly intended to deal with the meaning of "conviction" itself, not with the ascertainment of the *number* of convictions. That intent is clear from the rest of section 20, which explains that convictions that are expunged or set aside, or that have been the subject of a pardon or restoration of civil rights, cannot be counted unless the terms of the expungement, pardon or restoration prohibit possession of firearms. *Id.* Section 20's reference to the law of the convicting court, therefore, is simply inapplicable to the question before us.

I would consequently rely on federal law, 18 U.S.C. § 924(e), and not state law, in support of the remand for resentencing.