28 F.3d 108
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellant,
v.
Tomas ALVAREZ, Defendant-Appellee.
 No. 93-30097.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted April 8, 1994.
Decided May 23, 1994.
 
 Before: WRIGHT, TANG and REINHARDT, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 I.
 
 2
 On December 10, 1992, Tomas Alvarez was convicted by a jury of using or carrying a firearm during and in relation to a drug trafficking crime, in violation of 18 U.S.C. Sec. 924(c)(1). On February 24, 1993, the district court entered an order granting Alvarez's motion for judgment of acquittal. The Government appeals, contending that the district court erred in ruling that the Government failed to prove that Alvarez used or carried the firearm in relation to a drug crime.
 
 
 3
 We affirm the district court's judgment of acquittal. At trial, the Government failed to establish beyond a reasonable doubt that Alvarez used or carried the firearm in relation to a drug trafficking crime. No reasonable factfinder could have convicted Alvarez on the basis of the Government's evidence.
 
 II.
 
 4
 On May 2, 1991, agents of the Idaho Bureau of Narcotics executed a search warrant on the residence of Tomas Alvarez. During this search, the agents found an unloaded .22 caliber pistol in the top left drawer of a dresser located in the bedroom of the residence. The agents discovered and seized 31 grams of cocaine from the same dresser drawer, as well as $11,000 in currency, scales, plastic baggies, and rubber gloves in other areas of the bedroom. Alvarez was then searched and found to have $1,500 on his person. His girlfriend, Irma Valdez (who also lived at the residence), was also searched, and $1,000 and 1 gram of cocaine were found in her purse.
 
 
 5
 Alvarez subsequently pleaded guilty in Idaho state court to the charge of distribution of 1 gram of cocaine, and was sentenced to a term of incarceration of not less than nine months nor more than three years. After being sentenced in state court, Alvarez was charged in federal court on a single-count indictment on June 10, 1992. The indictment charged Alvarez with knowingly using or carrying a firearm during and in relation to a drug trafficking crime, in violation of 18 U.S.C. Sec. 924(c). On December 10, 1992 a jury found Alvarez guilty of this offense. On February 24, 1993 the district court entered an order granting Alvarez's motion for judgment of acquittal, and this appeal followed.
 
 III.
 
 6
 The Government argues that the evidence it presented at trial was sufficient to prove beyond a reasonable doubt that Alvarez used or carried the firearm in relation to a drug crime. This contention is incorrect--the Government's evidence fails even to link persuasively the firearm to Alvarez, and there are substantial and unexplained lacunae in the evidence that would prevent any reasonable jury from concluding beyond a reasonable doubt that Alvarez used or carried the firearm in relation to a drug crime.
 
 
 7
 Alvarez is entitled to a judgment of acquittal if the evidence against him is insufficient to sustain a conviction beyond a reasonable doubt. Fed.R.Crim.P. 29(a). The panel must review the "evidence in the light most favorable to the government and determine whether 'any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.' " United States v. Sharif, 817 F.2d 1375, 1377 (9th Cir.1987) (quoting Jackson v. Virginia, 443 U.S. 307, 319 (1979)).
 
 
 8
 No rational trier of fact could have convicted Alvarez of using or carrying a firearm in relation to a drug crime based on the Government's evidence. In order for Alvarez to be found guilty of this charge, the Government was required to prove the following elements beyond a reasonable doubt: (1) that Alvarez committed the crime of possession of cocaine with the intent to deliver; and (2) that Alvarez knowingly used or carried a firearm during and in relation to the crime of possession of cocaine with the intent to deliver. See 9th Cir.Crim.Jury Instr. 8.19U (1993). The first element is uncontested--as noted above, Alvarez pleaded guilty to distribution of 1 gram of cocaine in state court. The second element is the sole issue here.
 
 
 9
 Possession of a firearm alone does not constitute a violation of Sec. 924(c); the evidence must prove that the firearm facilitated or had a role in the crime, such as emboldening the defendant or allowing him to defend himself or intimidate others. See United States v. Torres-Medina, 935 F.2d 1047, 1050 (9th Cir.1991). However, as the district court noted in its order, the Government's evidence that Alvarez even possessed the firearm is weak. Alvarez shared the bedroom with his girlfriend, Irma Valdez, with each of them having equal access to and control of the dresser. No evidence showed that the drawer where the weapon and cocaine were seized was used exclusively by Alvarez. No serial number or other identifying feature could be traced to show that Alvarez purchased the weapon. No fingerprints were found on the gun, in spite of testing for fingerprints. No witness ever saw Alvarez with the gun in his possession.
 
 
 10
 In short, not one witness nor exhibit tied Alvarez to possession of the firearm. Any possession found would be constructive possession. All that can be said is that the firearm was present in a dresser drawer in a bedroom that Alvarez shared with his girlfriend, Irma Valdez. Irma Valdez, it must be remembered, was herself discovered to have 1 gram of cocaine and over $1000 on her person. Although (for reasons unknown) Valdez was never charged with any crime, the gun may as well have belonged to her as to Alvarez. Cf. United States v. Roberts, No. 93-10122, slip op. at 6051 (9th Cir. February 7, 1994) (Cocaine seized from bedroom defendant shared with his wife insufficient evidence to convict defendant of possession because it may have belonged to his wife); Delgado v. United States, 327 F.2d 641 (9th Cir.1964) (marijuana seized from nightstand drawer in defendants' shared bedroom insufficient evidence to convict either defendant of possession).
 
 
 11
 Even if the Government proved possession, however, the district court's judgment of acquittal must still be upheld, for with respect to Alvarez's "use" or "carrying" of the firearm in relation to a drug crime the Government's evidence is simply non-existent. The district court found that there was no proof that the weapon served to embolden Alvarez. As stated above, the .22 caliber pistol was unloaded and no fingerprints were found on it, in spite of the tests that were conducted. No witness testified that Alvarez ever carried a gun at all, let alone in relation to his cocaine transactions. No evidence showed that the pistol had ever been taken out of the drawer. There was no ammunition seized or presented at trial and no evidence of ammunition that matched the weapon seized. In short, the paucity of the evidence makes it impossible to say with any assurance--much less the high degree of certainty required to sustain a criminal conviction--that the handgun was ever used by Alvarez in relation to his drug dealing. See United States v. Feliz-Cordero, 859 F.2d 250, 253-54 (2d Cir.1988) (Sec. 924(c) conviction overturned where loaded gun was found in an apartment containing cocaine and drug paraphernalia because no evidence that firearm was used during commission of drug offense).
 
 
 12
 None of the cases cited by the Government is contrary to this conclusion. In United States v. Torres-Medina, 935 F.2d 1047, 1049-50 (9th Cir.1991), this court sustained a Sec. 924(c) conviction where the evidence showed that the defendant, though a paraplegic, could fire a gun and that the defendant previously had fired the gun in question, that the gun that was seized belonged to the defendant, that the gun was fully loaded, and that a confederate was on hand during drug deals who could help the defendant retrieve both his drugs and his gun. The differences between Torres-Medina and this case are evident. First, there is essentially no proof that the gun belonged to Alvarez. Furthermore, the gun here was not loaded and there was no evidence that Alvarez had ever fired the gun.
 
 
 13
 United States v. Martinez, 967 F.2d 1343 (9th Cir.1992), is even less relevant. In Martinez, this court sustained a Sec. 924(c) conviction where a machinegun and another firearm were found along with cocaine in plain view on the floor of the defendant's bedroom. Id. at 1346. Again, the facts are simply inapposite. Clearly, a machinegun is a weapon characteristically carried by drug sellers, and possession of such a weapon is in itself a crime. In Martinez, moreover, both the weapons and the cocaine were found in plain view in the defendant's bedroom (of which he had sole possession), and were immediately available to him. In contrast, Alvarez did not have sole possession of the bedroom, nor did the evidence indicate that he had sole possession of the dresser drawer in which the .22 caliber pistol was found. The other cases relied upon by the Government are similarly inapplicable to the facts of the instant case. All of them involve loaded weapons located in proximity to narcotics and in the defendant's sole control. See United States v. Garcia, 997 F.2d 1273, 1284 (9th Cir.1993) (loaded machinegun placed in plain view against wall adjacent to closet containing cache of drugs); United States v. Walker, 993 F.2d 196, 200 (9th Cir.), cert. denied, 114 S.Ct. 276 (1993) (fully loaded semiautomatic rifle located in plain view near defendant, who had sole control of apartment, as well as .357 magnum ammunition and .25 automatic ammunition); United States v. Torres-Rodriquez, 930 F.2d 1375, 1385-86 (9th Cir.1991) (fully loaded .357 magnum found in defendant's bed in proximity to drug paraphernalia and drug proceeds).
 
 
 14
 Accordingly, we affirm the district court's judgment of acquittal.
 
 
 15
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3