46 F.3d 1147
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Christopher FRUSHON, Defendant-Appellant.
 No. 94-10270.
 United States Court of Appeals, Ninth Circuit.
 Submitted Jan. 11, 1995.*
Decided Jan. 23, 1995.
 
 Before: WALLACE, Chief Judge, HALL and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Christopher Frushon, a federal prisoner, appeals his sentence imposed by the district court after remand. Frushon was convicted of being a felon in possession of a firearm in violation of 18 U.S.C. Sec. 922(g). He contends the district court erred when upon remand it sentenced Frushon as an armed career criminal pursuant to 18 U.S.C. Sec. 924. We have jurisdiction pursuant to 28 U.S.C. Sec. 1291 and we affirm.
 
 
 3
 Ordinarily, we review de novo the district court's interpretation and application of the Armed Career Criminal Act. United States v. O'Neal, 937 F.2d 1369, 1371 (9th Cir.1990). The district court's factual findings related to prior convictions are reviewed for clear error. United States v. Robinson, 967 F.2d 287, 293 (9th Cir.1992).
 
 
 4
 18 U.S.C. Sec. 924(e)(1) imposes a "mandatory minimum sentence of fifteen years for felons in possession of a firearm if the felon 'has three previous convictions ... for a violent felony.' " O'Neal, 937 F.2d at 1371-72. If the elements of "generic" burglary have been met, burglary may be considered a violent felony for purposes of a section 924(e) enhancement. Taylor v. United States, 495 U.S. 575, 602 (1990).
 
 
 5
 On February 3, 1994, we affirmed Frushon's conviction but remanded for resentencing. United States v. Frushon, 10 F.3d 663, 667 (9th Cir.1993). Specifically, we directed the district court to determine the accuracy of the presentence report. Id. If, as the presentence report suggested, Frushon had been convicted of five separate felonies under California law for burglarizing five different dwellings, then the district court was directed to sentence Frushon as a career criminal. Id.
 
 
 6
 Frushon contends that his California burglary convictions cannot be used as a predicate for a section 924(e) enhancement because California's burglary statute is broader than "generic" burglary. We disagree.
 
 
 7
 In order to determine whether the elements of generic burglary have been met, section 924(e) "generally requires the trial court to look only to the fact of conviction and the statutory definition of the prior offense," not to the particular facts underlying the conviction. Taylor, 495 U.S. at 602. The sentencing court, however, may go beyond the mere fact of conviction in cases where a jury was required to find all the elements of generic burglary, id., or where a defendant has pleaded guilty to charges that contain all the elements of generic burglary, O'Neal, 937 F.2d at 1373. See also United States v. Alvarez, 972 F.2d 1000, 1005 (9th Cir.1992), cert. denied, 113 S.Ct. 1427 (1993); United States v. Sweeten, 933 F.2d 765, 769-70 (9th Cir.1991). Consequently, a conviction pursuant to a statute which defines burglary more broadly than generic burglary may serve as a predicate for a section 924(e) enhancement so long as the charging documents and plea agreement establish the elements of generic burglary. Alvarez, 972 F.2d at 1005; O'Neal, 937 F.2d at 1373.
 
 
 8
 Frushon contends that the documents which the district court relied upon cannot be used for section 924(e) purposes because they do not establish the elements of generic burglary. We disagree.
 
 
 9
 The elements of generic burglary are "an unlawful or unprivileged entry into, or remaining in, a building or other structure, with intent to commit a crime." Taylor, 495 U.S. at 598.
 
 
 10
 Upon remand, the district court considered copies of the charging documents, copies of minute orders of the state superior court and copies of Frushon's guilty plea. These documents show that Frushon pleaded guilty to charges that on five different dates as to five separate properties he willfully, unlawfully and feloniously entered, with the intent to commit theft, "an uninhabited dwelling house/trailer coach/portion of a building."[1] Because the elements of generic burglary, see Taylor, 495 U.S. at 598, are established by the charging documents and the plea agreement, the district court properly sentenced Frushon as a career criminal, see O'Neal, 937 F.2d at 1373.
 
 AFFIRMED.[2]
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Frushon contends that the amended information of February 4, 1988 (Case No. C-65171) cannot be considered because it was filed after Frushon pleaded guilty on January 28, 1988. The district court record, however, also, includes an information filed on December 24, 1987 (Case No. C-66666) which charges that on three different dates as to three separate properties Frushon willfully, unlawfully and feloniously entered, with the intent to commit larceny, "the residence, and building occupied by" different persons. Documents in the district court record show that C-66666 was later consolidated with C-65171. Because other documents in the district court record establish the elements of generic burglary for at least three prior convictions, Frushon's objection to consideration of the amended information filed on February 4, 1988 is moot. See 18 U.S.C. Sec. 924(e)(1)
 
 
 [2]
 On December 9, 1994, this court received Frushon's pro se motion for leave to file a supplemental brief. Frushon contends that additional issues need to be raised but fails to identify what issues those are. Because Frushon is represented by counsel, who has already filed two briefs on Frushon's behalf, we decline to consider Frushon's pro se motion