**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 13-30060 |
| Plaintiff - Appellee, | D.C. No. 2:11-cr-00108-EFS-4 |
| v. | |
| MARTIN MURILLO BARRIGA, | MEMORANDUM[*] |
| Defendant - Appellant. | |

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 13-30083 |
| Plaintiff - Appellee, | D.C. No. 2:11-cr-00108-EFS-1 |
| v. | |
| ISIDRO MADRIGAL GALVAN, | |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Eastern District of Washington
Edward F. Shea, Senior District Judge, Presiding

Argued and Submitted July 7, 2014
Seattle, Washington

---

   [*]   This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

Before: KLEINFELD, TASHIMA, and MURGUIA, Circuit Judges.

Martin Murillo Barriga challenges the sufficiency of the evidence underlying his conviction for conspiracy to distribute methamphetamine in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A)(viii) and 21 U.S.C. § 846, and the substantive reasonableness of his 200-month sentence. Isidro Madrigal Galvan challenges the sufficiency of the government's evidence that he constructively possessed firearms found in a storage unit rented by his wife. Both defendant-appellants challenge the district court's admission of a government exhibit showing the telephone contacts between the members of the conspiracy. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

1.      There was sufficient evidence for a rational jury to convict Murillo Barriga of conspiring to distribute methamphetamine. *See United States v. Herrera-Gonzalez*, 263 F.3d 1092, 1095 (9th Cir. 2001) ("We review sufficiency of evidence challenges to determine whether 'viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" (quoting *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)). The jury heard testimony from several witnesses that Murillo Barriga was running a methamphetamine distribution conspiracy out of his house. The jury also heard testimony from surveillance officers that during their surveillance of several controlled buys of

methamphetamine from Madrigal Galvan, the officers observed Madrigal Galvan come and go from Murillo Barriga's house before and after making the sales.

2.	The district court was within its discretion not to give Murillo Barriga the benefit of his co-defendants' cooperation. *United States v. Carter*, 560 F.3d 1107, 1121 (9th Cir. 2009). Therefore, we conclude that Murillo Barriga's sentence was not substantively unreasonable.

3.	Viewing the evidence at trial in the light most favorable to the prosecution, a rational jury could find beyond a reasonable doubt that (1) Madrigal Galvan's wife Renee Gomez rented the storage unit for Madrigal Galvan's use in the methamphetamine distribution conspiracy, and (2) Madrigal Galvan had knowledge of and dominion and control over the storage unit's contents, including the methamphetamine and firearms concealed in the speaker box in the unit. *See United States v. Thongsy*, 577 F.3d 1036, 1041 (9th Cir. 2009) ("A person has constructive possession when he or she knowingly holds ownership, dominion, or control over the object and the premises where it is found." (internal quotation marks omitted)). The trial testimony was uniformly that Gomez's role in the conspiracy was to assist Madrigal Galvan. Gomez accompanied Madrigal Galvan when he sold methamphetamine, rented a motel room for Madrigal Galvan to distribute drugs, and put several vehicles used by the conspiracy in her name.

Viewed in the light most favorable to the government's case, this circumstantial evidence was sufficient for a reasonable jury to find that Madrigal Galvan constructively possessed the drugs and firearms in the storage unit. *See United States v. Smith*, 962 F.2d 923, 929-30 (9th Cir. 1992) ("In the absence of actual possession, constructive possession may be demonstrated if the defendant has the authority to dispose of the drug, either personally or through an agent, or *if he is a participant in a joint venture*, thereby sharing dominion and control over the drug with the other participants." (emphasis added)); *United States v. Hernandez*, 876 F.2d 774, 778 (9th Cir. 1989) ("[C]oordinated activity among the defendants raises a reasonable inference of a joint venture, particularly in light of the evidence of [the defendants' romantic] relationship.").

4.     The district court did not abuse its discretion by admitting the government's telephone-links chart because the evidence underlying the challenged links between Fraicx Castrellon Miramontes and Murillo Barriga on the chart was admissible. *See United States v. Meyers*, 847 F.2d 1408, 1411-12 (9th Cir. 1988). The chart summarized Castrellon Miramontes's testimony about how he contacted Murillo Barriga, as well as data from Castrellon Miramontes's contact list contained in the forensic report of Castrellon Miramontes's cell phone's contents, which defense counsel moved to have admitted. The district court did not abuse its

discretion by admitting the chart summarizing the testimony and the voluminous, admissible data. *See id.*

**AFFIRMED.**

*United States v. Murillo Barriga*, No. 13-30060
*United States v. Madrigal Galvan*, No. 13-30083

TASHIMA, Circuit Judge, concurring in part and dissenting in part:

In No. 13-30060, I concur fully in the majority's disposition.

In No. 13-30083, I concur in all of the majority's disposition, except for its

affirmance of the conviction on Counts 22 and 24. For the reasons that follow, I

dissent from Part 3 of the disposition.

Defendant Madrigal Galvan ("Madrigal") challenges the sufficiency of the

evidence in support of his conviction for possession with intent to distribute 50

grams or more of actual methamphetamine, in violation of 21 U.S.C. § 841(a)(1),

(b)(1)(A)(viii), 21 U.S.C. § 816, and 18 U.S.C. § 2 (Count 22), and using and

carrying a firearm during and in relation to a drug trafficking crime, in violation of

18 U.S.C. § 924(c)(1) (Count 24). His conviction was based on methamphetamine

and firearms found in a storage unit leased to Renee Gomez, his wife. The

government's theory is that Madrigal's guilt is sufficiently established under the

"constructive" possession doctrine.[1] Madrigal contends that the evidence is

insufficient to support the convictions because it does not reasonably support the

---

[1]     Although some of the oral argument centered around the *Pinkerton*
theory of liability for a substantive crime that a co-conspirator commits, the
government did not rely on this theory either at trial (although, apparently, a
*Pinkerton* instruction was given) or on appeal, and so, I disregard it.

inference that he possessed either the drugs or the firearms. I agree and would reverse his convictions on Counts 22 and 24 on this ground.[2]

It is undisputed that Madrigal did not have actual possession of the methamphetamine or firearms found in the storage unit. Therefore, his convictions may stand only if the evidence reasonably supports the inference that he had constructive possession of the items. "To prove constructive possession, the government must establish 'a sufficient connection between the defendant and the contraband to support the inference that the defendant exercised dominion and control over the [item].'" *United States v. Terry*, 911 F.2d 272, 278 (9th Cir. 1990) (quoting *United States v. Disla*, 805 F.2d 1340, 1350 (9th Cir. 1986)). Such dominion and control can be proven by, "[f]or example, '[i]f the defendant has exclusive control over the premises where contraband is found, then knowledge and control may be inferred.'" *Id.* (quoting *United States v. Rodriguez*, 761 F.2d

---

[2]     There is also another basis for overturning Madrigal's use-and-carry gun conviction. Counsel confirmed at oral argument that his sufficiency of the evidence contention includes the argument that there is no evidence to support the "in furtherance" requirement on the gun charge. A conviction under 18 U.S.C. § 924(c)(1) requires proof both that the defendant possessed a firearm and that he used that firearm in furtherance of a drug trafficking crime. *United States v. Thongsy*, 577 F.3d 1036, 1040-41 (9th Cir. 2009). In a use-and-carry prosecution, the government must prove that the defendant possessed a firearm "'in furtherance of' the crime . . . ." *See Thongsy*, 577 F.3d at 1043. There is no evidence to support this element.

1336, 1341 (9th Cir. 1985) (alteration in original). If, however, a defendant has joint, rather than exclusive, control over the premises where the items were found, constructive possession must be based on proof that the party "ha[d] knowledge of the [item] and both the power and the intention to exercise dominion and control over it." *Id.*

The government contends that Madrigal constructively possessed the drugs and firearm found in the storage unit because he and Gomez "collectively had exclusive control over the unit." First, this assertion that Madrigal and his wife "collectively had exclusive control" over the storage unit is a contradiction in terms. This Circuit does not recognize a circumstance where two persons "collectively" have "exclusive control" over a place. In fact, the very purpose of this branch of our constructive possession jurisprudence is to separate out those cases in which the defendant alone has exclusive possession. Under our Circuit case law, control is either exclusive or joint, *i.e.*, collective. Under our case law, "exclusive control" does not exist when two persons exercise joint control over a premises. *See United States v. Cazares*, 121 F.3d 1241, 1245-46 (9th Cir. 1997) (no exclusive control over residence defendant shared with several others); *United States v. Reese*, 775 F.2d 1066, 1074 (9th Cir. 1985) (no exclusive control over residence the defendant jointly occupied with his wife); *Delgado v. United States*,

-3-

327 F.2d 641, 641-42 (9th Cir. 1964) (no exclusive control over a bedroom the defendant shared with his wife). Moreover, it almost goes without saying that Madrigal cannot be charged with constructive possession of the items in the storage unit merely because he was married to the person who rented the unit. *See United States v. Chambers*, 918 F.2d 1455, 1459 (9th Cir. 1990) ("We have held repeatedly that neither proximity to the contraband . . . nor association with a person having actual possession of the contraband is sufficient proof of constructive possession.").

In short, in order to show constructive possession, absent evidence of specific knowledge and intent to exercise dominion and control over the items, the government must, under our case law, prove that Madrigal exercised *exclusive* control over the storage unit. Here,the evidence does not support the inference that Madrigal exercised such exclusive control. Gomez leased the storage unit in her own name only, paid for it herself, and listed herself as the unit's only authorized user. The keys and the lease for the unit were found in the residence Madrigal and Gomez shared, and there is some indication that others also lived in the residence at that time. These facts preclude a finding that Madrigal had exclusive control over the storage unit. *See Cazares*, 121 F.3d at 1245-46; *Reese*, 775 F.2d at 1074; *Delgado*, 327 F.2d at 641-42. Therefore, Madrigal's constructive possession of the

-4-

drugs and firearms found in the storage unit cannot be based on his exclusive control of the unit.

Construed in the light most favorable to the prosecution, Madrigal had joint control of the storage unit, together with Gomez and possibly other members of the conspiracy. Evidence supporting this inference includes that the keys and contract for the storage unit were found in the residence he shared with Gomez and that the storage unit was used in furtherance of the conspiracy of which Madrigal was a part.

To prove constructive possession based on Madrigal's joint control over the premises, the Government must show that Madrigal had knowledge of the drugs and firearms in the storage unit and both the power and the intention to exercise dominion and control over them. *See Terry*, 911 F.2d at 278. The evidence here is insufficient to show that Madrigal had such knowledge, power, and intent. The record is entirely devoid of evidence connecting Madrigal to the storage unit or the items found in it. There is no indication, for example, that his fingerprints were on the drugs or firearms, or on the key or the door to the storage unit. *See United States v. Ruiz*, 462 F.3d 1082, 1088 (9th Cir. 2006) (finding no constructive possession when there was no fingerprint evidence linking the defendants to the firearms they were charged with possessing); *Reese*, 775 F.2d at 1074 (same).

There is also no indication that the drugs were found among Madrigal's belongings or near where his belongings were kept. *Cf. United States v. Vasquez*, 654 F3d 880, 885-86 (9th Cir. 2011) (evidence of constructive possession sufficient when firearms were found in the defendant's garage in close proximity to other items belonging to him); *Terry*, 911 F.2d at 287 (evidence of constructive possession of a gun found in a closet the defendant shared with his wife sufficient when the gun was surrounded by the defendant's clothes and men's boots). No witness testified to having seen Madrigal in possession of the package of drugs or the particular firearms found in the locker. *See Ruiz*, 462 F.3d at 1088 (noting that there was no testimony linking the defendant to the firearms seized).[3]

For all of these reasons, I submit that the evidence is insufficient to support a finding that Madrigal constructively possessed the drugs and firearms found in the storage unit based on his exclusive or joint control of the unit. In sum, because the government concedes that Madrigal did not have actual possession of the firearms

---

[3]     Citing *United States v. Thongsy*, 577 F.3d 1036, 1041 (9th Cir. 2009), the majority asserts that a jury could have found that "Madrigal Galvan had knowledge of and dominion and control over the storage unit's contents, including the methamphetamine and firearms concealed in the speaker box in the unit." Maj. Disp. at 3. Significantly, however, it cites to no evidence in the record to support this bald assertion. That Gomez often accompanied Madrigal and assisted his drug-selling efforts, contrary to the majority's assertion, *see id.*, is not evidence that Madrigal had knowledge of and exercised dominion and control over the contents of the storage unit.

or drugs found in the storage locker, and there is no viable theory of constructive possession in this case, I would reverse Madrigal's conviction on Counts 22 and 24. I, therefore, respectfully dissent in part.