**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Barbara BEHANNA and William Galemoor, Defendants-Appellants.**

Nos. 85–1261, 85–1262.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Nov. 10, 1986.

Decided April 10, 1987.

---

William R. Tidwell, Las Vegas, Nev. and Lorn Aiken, Los Angeles, Cal., for defendants-appellants.

Howard J. Zlotnick and David J. Moynihan, Las Vegas, Nev., for plaintiff-appellee.

Before TANG, SCHROEDER and NORRIS, Circuit Judges.

SCHROEDER, Circuit Judge:

The appellants were tried jointly and each was convicted of possession of an unregistered firearm in violation of 26 U.S.C. § 5861(d) (1982). Police discovered a machine gun in a black bag on the floor of an automobile occupied by the defendants. Both appeal. The sufficiency of the evidence in Behanna's case is the most serious issue raised. We reverse her conviction because of the government's failure to establish she had any knowledge of the existence of the machine gun. We affirm Galemoor's conviction.

The events leading to the charge began when a police officer observed the defendants asleep in a parked pickup truck with expired license plates. Galemoor was on the driver's side and Behanna on the passenger side. The officer woke them and requested identification. The name Galemoor gave the officer did not match the name on the expired registration, and a computer check on Behanna revealed her prior involvement with concealed weapons. The officer instructed both to leave the vehicle and wait near the patrol car. The officer then observed an illegal container of tear gas in plain view inside an open milk crate in the truck. The officer examined the contents of the crate and found a number of weapons and weapons paraphernalia. Then, while writing down the vehicle identification number from the driver's window, the officer saw a black nylon bag on the floorboard directly in front of the driver's seat. The bag contained the automatic machine gun which was the subject of the indictment, as well as other weapons and weapons paraphernalia. The subsequent search of the vehicle produced a pistol concealed in a jacket and a shotgun stowed behind the seat. The only crime with which the defendants were charged in this proceeding, however, was possession of the machine gun inside the black bag.

The prosecution's evidence at trial showed that Galemoor owned the truck, occupied the driver's side where the gun was found, and knew there was a weapon inside the bag. Behanna, on the other hand, admitted knowledge of some of the weapons in the vehicle, but in her statements to the police denied any knowledge of the machine gun. The defense called no witnesses at the trial.

### Barbara Behanna

Behanna challenges the sufficiency of the evidence supporting her conviction of possession of the machine gun. She argues that the only evidence linking her to the machine gun was her presence as a passenger in the truck. She relies upon a long line of established authority that mere access and proximity to property does not establish constructive possession of that property. As we have summarized recently:

> In order to prove constructive possession of property, the government must demonstrate that the defendant both knows of the presence of the contraband and has power to exercise dominion and control over it. *Williams v. United States*, 418 F.2d 159, 162 (9th Cir.1969), *aff'd*, 401 U.S. 646, 91 S.Ct. 1148, 28 L.Ed.2d 388 (1971). If the defendant has

exclusive control over the premises where contraband is found, then knowledge and control may be inferred. *See Arellanes v. United States*, 302 F.2d 603, 606 (9th Cir.), *cert. denied*, 371 U.S. 930, 83 S.Ct. 294, 9 L.Ed.2d 238 (1962); *accord United States v. Staten*, 581 F.2d 878, 884 (D.C.Cir.1978). A more difficult situation for the government exists when the premises are shared by more than one person. Mere proximity to contraband, presence on property where it is found, and association with a person or persons having control of it are all insufficient to establish constructive possession. *See United States v. Valenzuela*, 596 F.2d 824, 830–31 (9th Cir.), *cert. denied*, 441 U.S. 965, 99 S.Ct. 2415, 60 L.Ed.2d 1071 (1979); *Williams*, 418 F.2d 159, 162–63; *Delgado v. United States*, 327 F.2d 641, 642 (9th Cir.1964).

*United States v. Rodriguez*, 761 F.2d 1339, 1341 (9th Cir.1985).

■ When the government charges an individual with possession of a weapon in a vehicle, we have squarely held that the government must do more than show that the defendant was present as a passenger in the vehicle and within reach of the weapon. *United States v. Soto*, 779 F.2d 558 (9th Cir.1986). "The mere proximity of a weapon to a passenger in a car goes only to its accessibility, not to the dominion or control which must be proved to establish possession." *Id.* at 560. The evidence in this case established no more than the proximity to the weapon which we held insufficient in *Soto.*

■ The government argues that the deficiency is cured by proof that the defendant knew of other weapons in the vehicle. Yet such evidence does not link the defendant to the crime charged. *See id.* (noting that evidence of Soto's fingerprint on shotgun established possession of shotgun, but not of other weapons located elsewhere in van).

According to prosecution testimony at trial, when asked if she had any knowledge of the machine gun in the vehicle, Behanna said "she didn't know it was there." The government suggests that by disbelieving this out-of-court denial, the jury could have concluded that she in fact had knowledge and control of the gun. There was, however, nothing before the jury bearing on the credibility of the statement. Behanna did not testify and therefore was not impeached. *See United States v. Higginbotham*, 539 F.2d 17, 24 (9th Cir. 1976) (stating that once defendant takes stand and testifies on own behalf, "his credibility may be impeached and his testimony assailed"). *See also McCormick on Evidence* § 33 (3d ed. 1984) (discussing techniques for attacking credibility). We have observed in *United States v. Valdovinos*, 558 F.2d 531, 534 (9th Cir.1977), that the jury can consider inconsistencies between the defendant's testimony at trial and statements given at the time of arrest. Neither this court nor any other court to our knowledge, however, has ever held that an out-of-court, unimpeached statement can constitute evidence of the falsity of its contents. The jury undoubtedly disbelieved the defendant's out-of-court denial of knowledge. It is, however, the government's burden to prove the elements of possession, including knowledge. *See Rodriguez*, 761 F.2d at 1340; *Delgado*, 327 F.2d at 642. Disbelief of an out-of-court denial is not proof of knowledge.

The government also suggests that the evidence was sufficient to show that the defendants were involved in some kind of "joint venture" involving the possession of the machine gun. It relies upon cases in which we have stated that the jury may infer a passenger's knowledge of contraband in a car from "evidence of close friendship, joint venture and general conduct." *Eason v. United States*, 281 F.2d 818, 821 (9th Cir.1960). *See also United States v. Campbell*, 507 F.2d 955, 958 (9th Cir.1974). These cases, however, have been narrowly construed. *United States v. Martinez*, 514 F.2d 334, 340 (9th Cir.1975). This is not such a case. Here, there is no basis for finding that the passenger participated in any venture involving the machine

gun.   Behanna's conviction must be reversed.

### *William Galemoor*

 Galemoor's principal challenge to his conviction goes to the lawfulness of the government's search which produced the machine gun.   The search of the truck was triggered by the officer's observation of the illegal tear gas container in plain view. The tear gas came into plain view, however, only after the officer had asked the occupants to leave the vehicle.   The issue with respect to the search is, therefore, whether the officer was justified in asking the defendants to get out of the truck for detention at the patrol car while he wrote out a citation for expired license plates. The officer's precautionary action was taken only after Galemoor's vehicle registration did not match the name he gave, and a computer check showed that Behanna had a record of concealed weapon charges.   In these circumstances, the precautionary action was reasonable.   *See Terry v. Ohio,* 392 U.S. 1, 23–24, 88 S.Ct. 1868, 1881, 20 L.Ed.2d 889 (1968).   It is undisputed that once the defendants left the vehicle the tear gas canister was in plain sight, and probable cause existed to arrest the defendants and to search the passenger compartment of the vehicle pursuant to the standards of *New York v. Belton,* 453 U.S. 454, 460, 101 S.Ct. 2860, 2864, 69 L.Ed.2d 768 (1981).

 Galemoor also argues that the district court erred in ruling that certain evidence could be used to impeach him if he took the stand.   Because he did not take the stand, however, he is not entitled to a review of that question.   *Luce v. United States,* 469 U.S. 38, 43, 105 S.Ct. 460, 464, 83 L.Ed.2d 443 (1984).

Defendant's motion for a new trial was properly denied.   There was no showing of newly discovered evidence which could conceivably have affected the result.

The conviction of Barbara Behanna is REVERSED and the conviction of William Galemoor is AFFIRMED.