61 F.3d 912
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Albert BERMUDEZ, Defendant-Appellant.
 No. 94-10398.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted June 13, 1995.
Decided July 12, 1995.
 
 Before: HUG, ALARCON, and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 I. OVERVIEW
 
 2
 After leading the Tucson police on a high-speed chase toward the Mexican border, Albert Bermudez ("Bermudez") was arrested in connection with the transportation of a carload of marijuana, on the theory that he had been driving the escort or decoy car. A jury convicted Bermudez of conspiracy to possess with intent to distribute marijuana in violation of 21 U.S.C. Sec. 846 and possession with intent to distribute marijuana in violation of 21 U.S.C. Sec. 841(a)(1). The district court sentenced Bermudez to 90 months of incarceration. We affirm his conviction.
 
 II. ANALYSIS
 A. Sufficiency of Evidence
 1. Standard of Review
 
 3
 Bermudez argues that it was error for the district court to deny his motion for acquittal following the close of the government's case. But by electing to proceed with the presentation of proof on his own behalf, Bermudez waived his right on appeal to challenge the denial of his motion. United States v. Martinez, 514 F.2d 334, 337 (9th Cir. 1975). Because Bermudez argues the issue as if it were a challenge to the sufficiency of the evidence as a whole, we consider "whether, viewing the evidence in the light most favorable to the Government, a rational trier of fact could have found the elements of the crime beyond a reasonable doubt." United States v. Restrepo, 930 F.2d 705, 708 (9th Cir. 1991).
 
 2. Discussion
 
 4
 a. Conspiracy
 
 
 5
 To prove conspiracy, the government must show (1) an agreement (2) to engage in criminal activity. See United States v. Hernandez, 876 F.2d 774, 777 (9th Cir.), cert. denied, 493 U.S. 863 (1989).[1]
 
 
 6
 Bermudez argues that the government did not show an agreement, nor any acts in furtherance of a conspiracy. The government argues that there was sufficient evidence to convict Bermudez of both counts of the indictment on the basis of (1) the evidence of Bermudez's fingerprint on the scales found in the "stash" half of the duplex residence; (2) his "implausible and self-serving" testimony; (3) the evidence of Bermudez's flight; and (4) the coordinated activity of the two cars driven by Jose Ramon Zazueta ("Zazueta") and Bermudez. While each of the first three bases alone might not be enough to support the jury's verdict, they present strong evidence when taken together with the expert testimony about the escort vehicle.
 
 
 7
 Two of the police officers -- both of them experienced -- testified that Bermudez drove the Taurus as a decoy or escort car. Coordinated activities can be circumstantial evidence of an agreement. See United States v. Hegwood, 977 F.2d 492, 497 (9th Cir. 1992), cert. denied, 113 S. Ct. 2348 (1993). Viewing the evidence as a whole in the light most favorable to the government, we conclude a rational trier of fact could have found beyond a reasonable doubt that Bermudez was escorting Zazueta, and that the coordinated escort activities were proof of the agreement. The jury was free to discredit Zazueta and Bermudez's testimony to the contrary. See Hernandez, 876 F.2d at 778. We hold that the evidence that Bermudez was driving the Taurus as an escort or decoy car, taken together with the fingerprint evidence, Bermudez's testimony, and evidence of flight, sufficed to permit the jury to find Bermudez guilty beyond a reasonable doubt. Thus we affirm the conspiracy conviction.
 
 
 8
 b. Possession with Intent to Distribute
 
 
 9
 Bermudez could have been convicted of possession with intent to distribute if he either directly or constructively possessed the marijuana or if he aided and abetted the possession of the marijuana by others. See ited States v. Vasquez-Chan, 978 F.2d 546, 550 (9th Cir. 1992) (regarding possession of cocaine). To show direct possession with intent to distribute drugs the government must show Bermudez (1) knowingly (2) possessed the drug (3) with intent to distribute it. United States v. Walitwarangkul, 808 F.2d 1352, 1353 (9th Cir.), cert. denied, 481 U.S. 1023 (1987). To show constructive possession with intent to distribute drugs the government must show that Bermudez both knew of the presence of the marijuana and had the power to exercise dominion and control over it. United States v. Behanna, 814 F.2d 1318, 1319 (9th Cir. 1987).
 
 
 10
 We conclude the evidence was sufficient to support Bermudez's conviction for possession with intent to distribute on a theory of aiding and abetting. If Bermudez aided and abetted, he is as responsible as if he had committed the act directly. Vasquez-Chan, 978 F.2d at 552. To prove aiding and abetting the possession of marijuana, the government would have to show Bermudez associated himself with the venture, participated in it as something that he wished to bring about, or sought by his action to make it succeed. Id. The government must show not only that Bermudez participated in the criminal venture, but that he intentionally assisted in the venture's illegal purpose. Id.
 
 
 11
 The police testified that the manner in which the Taurus was driven indicated it was a decoy or escort vehicle. Thus the jury could have found beyond a reasonable doubt that Bermudez, who admitted to driving the Taurus, did more than merely observe Zazueta drive the Suburban filled with marijuana. The jury could have found beyond a reasonable doubt that Bermudez was not an unwitting participant in a drug transportation scheme. The jury could have found beyond a reasonable doubt that he participated in the transportation of the drugs and intended to aid in their distribution. The jury could further have inferred the intent to distribute the marijuana from the quantity possessed. United States v. Davila-Escovedo, 36 F.3d 840, 843 (9th Cir. 1994), cert. denied, 115 S. Ct. 953 (1995). We affirm the possession with intent to distribute conviction.
 
 B. Exclusion of Evidence
 1. Standard of Review
 
 12
 We review a district court's ruling on the relevance of evidence for an abuse of discretion. United States v. Rubio-Topete, 999 F.2d 1334, 1338 (9th Cir. 1993).
 
 2. Discussion
 
 13
 Bermudez argues that the district court abused its discretion by excluding evidence that (1) Bermudez's sister had been beaten up by the Tucson police in the past and had told him about it; and (2) Bermudez himself was beaten up by the police after his arrest. Bermudez asserts this evidence was relevant to explain his flight. The government argues that the district court did not abuse its discretion because (1) the evidence was irrelevant to whether Bermudez was guilty of the charges against him; and (2) the district court admitted limited relevant testimony anyway. We affirm the rulings of the district court regarding admission of this evidence.
 
 
 14
 The government argues that evidence of flight is relevant to Bermudez's guilt, but that Bermudez's attempt to explain that flight is irrelevant to his guilt. Even if an alleged beating by the Tucson police would not be relevant to whether Bermudez was guilty of the charges against him, it could be marginally relevant to support Bermudez's reasons for his flight, and therefore to rebut the flight as evidence of guilt: The jury could have found Bermudez's fear of being beaten up by the Tucson police that much more reasonable if it were to credit Bermudez's proffered testimony that he was indeed beaten up by the police.
 
 
 15
 Nevertheless, we conclude the district court did not abuse its discretion excluding Bermudez's testimony. Whether his testimony was relevant was a judgment call for the district court. Furthermore, even if it were relevant that Bermudez had been beaten up by the Tucson police, the district court would have been free to exclude it on the ground that its prejudicial value far outweighed its probative value. Finally, although the evidence of the highway chase at speeds exceeding 100 miles per hour was certainly the most dramatic evidence of Bermudez's guilt, we conclude that any error in excluding his explanatory testimony was harmless. Bermudez would have testified that he was beaten by the Tucson police after his arrest, to support his asserted fear of arrest by the Tucson police. His actions upon arriving in Nogales in avoiding any and all police, however, belie his alleged fear of arrest by Tucson police. Accordingly, we affirm the district court's exclusion of Bermudez's testimony on this issue.
 
 
 16
 The government correctly asserts that Bermudez made no offer of proof regarding what his sister would testify. Therefore, we consider whether the district court's exclusion of the remainder of her testimony constituted plain error. In any case, the district court did admit some testimony by Bermudez's sister regarding her adverse treatment by the Tucson police and her reporting of the incident to Bermudez. Thus we conclude the district court did not abuse its discretion and its evidentiary rulings on this issue were not plain error.
 
 
 17
 We reject Bermudez's argument that the failure to admit his explanation for his flight necessarily prejudiced the jury because "there was no other evidence upon which to convict" Bermudez. This is simply not true. The jury could have convicted him based on the evidence regarding his actions as an escort or decoy vehicle in addition to the evidence of flight and other evidence adduced at trial.
 
 C. Jury Instructions
 1. Standard of Review
 
 18
 The instruction Bermudez requested relates to a comment on the inference a jury could draw from his actions. A district court's precise formulation of jury instructions is reviewed for an abuse of discretion. United States v. Woodley, 9 F.3d 774, 780 (9th Cir. 1993).
 
 2. Discussion
 
 19
 Bermudez requested a flight instruction. The district court refused, explaining that it never gives a flight instruction, but permits the attorneys to argue issues regarding flight. We conclude the district court did not abuse its discretion in rejecting Bermudez's proffered instruction.
 
 
 20
 "In most cases, the question of whether or not the conduct was flight and how heavily it should weigh in deliberations can be safely left to the argument of counsel and the good sense of the jury." 22 Charles A. Wright & Kenneth W. Graham, Federal Practice and Procedure Sec. 5181, at 186 (1995 Supp.) Indeed, the drafters of the Ninth Circuit pattern jury instructions have recommended that a flight instruction not be given. "Specific instructions on particular inferences are ... not necessary in order for counsel to be able to argue the point and the jury to consider it." Manual of Model Criminal Jury Instructions for the Ninth Circuit Sec. 4, intr. cmt. (1992) (citing United States v. McDonald, 576 F.2d 1350, 1357 (9th Cir.), cert. denied, 439 U.S. 830, 439 U.S. 927 (1978)). Thus, contrary to Bermudez's assertions, the jury instruction he proposed is indeed "frowned upon" in the Ninth Circuit.
 
 
 21
 The requested jury instruction was not an instruction on Bermudez's theory of defense, but instead was a request for the district court to comment on the inferences to be drawn from Bermudez's actions during the high-speed chase. The district court gave a general instruction on inferences the jury could draw. Trial Transcript, May 3, 1994, at 14 ("So while you should consider only the evidence in the case, you are permitted but not required to draw such reasonable inferences from the testimony and exhibits as you feel are justified in the light of common experience.") Thus, contrary to Bermudez's assertions, the jury was given an opportunity to consider Bermudez's explanations. We conclude the district court's refusal to give Bermudez's instruction on flight was not an abuse of discretion.
 
 
 22
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 The Ninth Circuit's additional element of one or more overt acts in furtherance of the conspiracy has been vacated as unnecessary by the United States Supreme Court. United States v. Shabani, 115 S. Ct. 382 (1994)