**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Aileen SEIULI, Defendant–Appellant.**

---

United States of America,
Plaintiff–Appellee,

v.

**Saresa Manu, Defendant–Appellant.**
No. 99–10397, 99–10512.

United States Court of Appeals,
Ninth Circuit.

Submitted Jan. 12, 2001*.

Decided Jan. 19, 2001.

Before SNEED, GRABER, and PAEZ, Circuit Judges.

MEMORANDUM**

Defendants Aileen Seiuli and Saresa Manu were arrested and searched after the Honolulu police raided the Paradise Lost Bar (the Bar). Defendants moved to suppress the evidence seized from their persons, arguing that the police lacked probable cause to arrest them. The district court denied their motion. Defendants then pleaded guilty to possession with intent to distribute in excess of five grams of cocaine base, in violation of 21 U.S.C. § 841(a)(1), reserving their right to appeal the suppression ruling. We affirm.

The district court ruled that the police had probable cause to believe that Defendants constructively possessed the drugs and drug paraphernalia found on the table at which they had been sitting in the Bar. The term "constructive possession" reflects "the common sense notion that an individual may possess a controlled substance even though the substance is not on his person at the time of arrest." *United States v. Disla*, 805 F.2d 1340, 1350 (9th Cir.1986).

Defendants were not arrested because of their "mere proximity" to contra-

---

* The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

band, *United States v. Behanna,* 814 F.2d 1318, 1320 (9th Cir.1987), nor to their "mere propinquity to others" suspected of criminal conduct, *Ybarra v. Illinois,* 444 U.S. 85, 91, 100 S.Ct. 338, 62 L.Ed.2d 238 (1979), but, rather, because of facts particular to them. The police officers raided the Bar pursuant to a warrant to search for cocaine, methamphetamine, and drug paraphernalia. When they entered, they saw Defendants sitting in the booth where the drugs and drug paraphernalia were found, and they knew from previous observations leading to the warrant that drug transactions occurred at booths in the Bar. The police also observed Defendant Seiuli fidgeting with her clothing and crying after they arrived, and they knew of Defendant Manu's criminal history involving drug crimes. These factors, on which the police relied for the arrests, provided probable cause for the arrest of Defendants. The district court did not err in denying the motion to suppress.

AFFIRMED.