**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**Matthew MCCALL, Jr., Defendant—
Appellant.**

**No. 07–10151.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Feb. 11, 2008.

Filed March 5, 2008.

D.W. Nelson, Senior Circuit Judge, filed dissenting opinion.

---

Robert Steven Lapham, Office of the U.S. Attorney, Sacramento, CA, for Plaintiff–Appellee.

Ned Smock, Federal Public Defender's Office, Sacramento, CA, for Defendant–Appellant.

Before: D.W. NELSON, KLEINFELD, and HAWKINS, Circuit Judges.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

1. *United States v. Hartz*, 458 F.3d 1011, 1018, (9th Cir.2006) (internal citations and quotations omitted).

## MEMORANDUM \*

Matthew McCall appeals the district court's order denying his motion to suppress a loaded gun found in his back pocket. McCall asserts that the search violated his Fourth Amendment Rights. We disagree.

■ The arresting officer had reasonable suspicion to frisk McCall for weapons because "a police officer who reasonably believes that a suspect could be armed and presently dangerous may frisk the suspect to determine whether the person is carrying a weapon." [1] McCall waived his right to appeal the issue that his investigative detention turned into a custodial arrest when he was handcuffed because he did not raise that issue before the district court so we need not reach the question.[2] The officer had reasonable suspicion, and the furtive movement in the car, the risk that McCall had a sharpened screwdriver to use for car burglaries, the hour, and the darkness of the location gave the officer reasonable concern for his own safety.

■ Alternatively, the frisk that turned up the gun was a legitimate search incident to arrest, assuming the handcuffs made this an arrest. The driver's statement that "we" were smoking marijuana, combined with the odor of marijuana smoke, the observation that the car emitting marijuana smoke had been moving, and that it was McCall who made the furtive movement (which could indicate that he was hiding or retrieving a weapon or hiding a stash) gave the police officer probable cause for arrest for possession of

---

2. *See United States v. Flores–Montano*, 424 F.3d 1044, 1047 (9th Cir.2005).

marijuana[3] and for transporting marijuana.[4] Although California law requires release after an arrest for violation of the statute prohibiting possession of not more than 28.5 grams of marijuana after presenting satisfactory identification, by its terms, "in which a person is arrested for a violation of this subdivision," the statute contemplates that arrest for violation of the subdivision is permissible. In any event, the officer was not obligated to accept as true what the driver claimed, that the amount of marijuana in the car was merely a "roach." The police officer therefore lawfully arrested McCall and conducted a proper search incident thereto.

AFFIRMED.

D.W. NELSON, Senior Circuit Judge, Dissenting:

I do not agree that the officer had an objectively reasonable suspicion that McCall was armed and dangerous. I also find unpersuasive the majority's alternative holding that the frisk was justified as a search incident to arrest. In my view, the officer did not have probable cause to arrest McCall. As a result, I respectfully dissent.

## I. *The Officer Lacked Reasonable Suspicion to Frisk McCall*

McCall concedes that the police were justified in stopping the car based on the smell of marijuana. However, "[a] lawful frisk does not always flow from a justified stop. Each element, the stop and the frisk, must be analyzed separately; the reasonableness of each must be independently determined." *United States v. Thomas,* 863 F.2d 622, 628 (9th Cir.1988). A limited protective search is justified where, in the totality of the circumstances, an officer has a reasonable belief "that he is dealing with an armed and dangerous individual...." *Terry v. Ohio,* 392 U.S. 1, 27, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968). The proper inquiry is "whether a reasonably prudent man in the circumstances would be warranted in the belief that his safety or that of others was in danger." *Id.* A mere hunch is not enough; an officer must be able to point to "specific and articulable facts" rendering his suspicion reasonable. *Id.* at 21, 88 S.Ct. 1868.

Although I believe it's a close case, the circumstances here do not support the reasonableness of this frisk. To justify its position, the majority states that the officer had a reasonable suspicion based on "the furtive movement in the car, the risk that McCall had a sharpened screwdriver to use for car burglaries, the hour, and the darkness of the location...." Maj. Op. at 647.

### A. *The Alleged "Furtive Movement"*

The arresting officer testified that he saw "what [he] thought to be a movement, by the front passenger. Looked like he was either turning around in his seat or placing something underneath the seat, which raised some concern with me." The district court found that this "furtive movement" was a particularly "pertinent factor in determining the reasonableness of a protective frisk."

However, a passenger who might have turned in his seat when pulled over by a police car does not suggest that the individual is armed and dangerous. Such movement is an entirely reasonable reaction when stopped by the police. The cases upholding frisks based on "furtive movements" deal with conduct that is significantly more threatening. *See United*

---

3. Cal. Health & Safety Code § 11357.

4. Cal. Health & Safety Code § 11360.

*States v. Flippin,* 924 F.2d 163, 164–66 (9th Cir.1991) (officer alone in room with woman who grabbed a bag while he was looking away); *United States v. Taylor,* 716 F.2d 701, 709 (9th Cir.1983) (suspect known to be involved in methamphetamine manufacturing refused to raise his hands and made furtive movements inside his truck); *United States v. Mitchell,* 951 F.2d 1291, 1293 (D.C.Cir.1991) (suspect moved his hands under his coat in manner suggesting he had a gun); *United States v. Price,* 409 F.3d 436, 439 (D.C.Cir.2005) (suspect reached back inside of car when told to place hands outside of window). Taking these cases into consideration, the government's position that McCall's turning in his seat constituted a "furtive movement" justifying a belief that he was armed and dangerous is not convincing. If we allow police officers to justify searches based on minor movements that are entirely consistent with how a person would reasonably behave when being pulled over, then we risk diluting the requirements of the *Terry* doctrine.

### B. *Suspicion of Involvement in Car Burglary*

The arresting officer initially became interested in the vehicle when a student community service officer reported that he saw it in the parking lot. The car had left the parking lot and driven on the street for a few blocks before the officer pulled it over. The information available to the officer when he frisked McCall did not support a reasonable suspicion that McCall was in fact a car burglar. A student's report of a car with at least two black males driving slowly in a parking lot does not support a reasonable suspicion that the vehicle contains individuals carrying sharpened screwdrivers. There are many legitimate reasons for being in a dormitory parking lot, including picking up a resident, which is exactly what was occurring

here. Moreover, it is customary to drive slowly in a parking lot. A vague report from a student community service volunteer is not a sufficient basis for assuming that an individual is a car burglar.

In addition, even if the officer was justified in initially suspecting the persons in the car were involved with burglary, subsequent information discredited that suspicion. A frisk is unlawful if, after a justified stop, it becomes apparent that the initial suspicion is unfounded. *See Thomas,* 863 F.2d at 629–30. Before searching McCall, the officer saw that the car was leaving the parking lot rather than preparing for a burglary. He also learned that the car included two female passengers, one of whom was a resident in the nearby dormitory. Any previous suspicion that McCall may have been involved in a car burglary had been rendered unfounded well before he was searched. The officer admitted that when he questioned McCall, he told him that he was being detained for "a narcotics investigation." He did not mention any suspicion of burglary. The student's uncorroborated allegation that McCall might have been involved in car burglary does not support a reasonable suspicion that McCall possessed a sharpened screwdriver at the time of the frisk.

### C. *Time and Place of Frisk*

The other factors addressed by the majority also do not suggest that it was reasonable for the officer to conclude that McCall was armed and dangerous. The stop occurred at 2 a.m. on the campus of Sacramento State University, in an area where there was a bike path, limited lighting, foliage and nearby lanes of traffic. There is no evidence that this was a high-crime area, or that anything about the setting would make it more likely that McCall himself was a dangerous individual. Simply because it might have been more

difficult geographically for the officer to approach the vehicle does not mean that it was more reasonable for him to suspect that McCall would be armed. Additionally, the officer was not alone. Two other units responded on the scene within two minutes of his initial stop, thereby decreasing any risk attendant in the situation. Accordingly, these circumstances do not support the objective reasonableness of the officer's conclusion that McCall posed a danger to his safety.

In sum, under the totality of the circumstances, I do not believe that the officer was justified in frisking McCall. The government artfully frames the factors so that the situation appears to be more menacing than was perhaps the case. An objective reading of the record reveals another interpretation: A group of African–American youths, one of them a student at Sacramento State University, made a bad decision to smoke marijuana while driving. They were legitimately pulled over and questioned by the police. This scenario did not, however, provide articulable suspicion that these individuals were armed and dangerous. I note that it is not a clear-cut case, but I believe the officer exceeded the boundaries of his authority in frisking McCall.

## II. *The Officer Lacked Probable Cause to Arrest McCall*

I would also hold that the frisk was not justified as a search incident to arrest. A search incident to arrest is permissible when an officer has "knowledge or reasonably trustworthy information sufficient to lead a person of reasonable caution to believe that an offense has been or is being committed by the person being arrested." *United States v. Lopez*, 482 F.3d 1067, 1072 (9th Cir.2007).

Possession and transportation of marijuana are criminal offenses under Cal. Health & Safety Code §§ 11357, 11360. Before the officer searched McCall, he smelled marijuana coming from the car, and the driver admitted that some occupants of the car had recently smoked the drug. However, this evidence does not suggest that McCall himself, the vehicle's passenger, either possessed or was transporting marijuana. Proximity to contraband and association with a person who has control of it is insufficient to establish constructive possession. *United States v. Behanna*, 814 F.2d 1318, 1320 (9th Cir. 1987); *see also United States v. Sanchez–Mata*, 925 F.2d 1166, 1169 (9th Cir.1991) (holding that a passenger's presence in a vehicle that contains contraband is not enough to establish possession). The case-law does not support a finding that an officer has the authority to arrest the passenger of a car merely because he smelled marijuana and the driver admitted there was a "roach" in the car. Based on the information available to him, the officer did not have probable cause to arrest McCall. Accordingly, I would hold that the frisk was also unjustified under the search incident to arrest doctrine.

For the foregoing reasons, I dissent from the majority's disposition. I would hold that the district court erred by denying McCall's motion to suppress because the officer violated his Fourth Amendment rights in conducting a pat-down search.