THOMAS,
concurring in part and dissenting in part:
I join my colleagues in affirming the judgment of the district court in United States v. Johnson, no. 12-50021. I concur in the majority disposition in United States v. Warren, no. 12-50022, with one exception: I disagree that the erroneous admission of the evidence found at Mia Mon-crief s home was harmless. Therefore, I concur in part and respectfully dissent in part.
I agree that the district court erred by admitting the evidence of the incident at Mia Moncriefs home: the evidence was not “sufficient to support a finding that defendant committed the other act,” and the evidence was poorly disguised propensity evidence. United States v. Romero, 282 F.3d 683, 688 (9th Cir.2002); see id. (“Evidence of a person’s character or a trait of character is not admissible for the purpose of proving action in conformity therewith on a particular occasion.”). The clear implication of the evidence was that Warren had possessed guns and trafficked drugs before, and he did the same thing here.
However, the error was not harmless. “The burden to show the harmlessness of the error is on the party benefitting from the error, in this case, the government.” United States v. Bailey, 696 F.3d 794, 803 (9th Cir.2012) (citation omitted). “In most cases where courts have found harmless error despite the erroneous admission of evidence, the properly admitted evidence was highly persuasive and overwhelmingly pointed to guilt.” Id. at 804 (citing cases). The government’s evidence against Warren was not strong, and the admission of the evidence of the prior bad acts “could have tipped the jury in the government’s favor.” Id. at 805.[1]
I therefore respectfully dissent, in part.

. The question is whether Warren had "dominion or control” over a firearm at the time *596 he was arrested. United States v. Nungaray, 697 F.3d 1114, 1117 (9th Cir.2012); United States v. Nevils, 598 F.3d 1158, 1161 (9th Cir.2010) (en banc). There is a "long line of established authority that mere access and proximity to property does not establish constructive possession of that property,” United States v. Behanna, 814 F.2d 1318, 1319 (9th Cir.1987), and here there was no evidence that, at the time he was arrested, Warren had access to the firearms in the locked trunk of the car that was not his.