**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

BENJAMIN W. DAY,
               Appellant,

      v.

DEPARTMENT OF AGRICULTURE,
               Agency.

DOCKET NUMBER
SF-0752-14-0218-I-1

DATE: September 11, 2014

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Sher Beard, Esquire, Fresno, California, for the appellant.

Rachel Trafican, Albuquerque, New Mexico, for the agency.

**BEFORE**

Susan Tsui Grundmann, Chairman
Anne M. Wagner, Vice Chairman
Mark A. Robbins, Member

**FINAL ORDER**

¶1     The agency has filed a petition for review of the initial decision, which reversed the appellant's removal. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

the erroneous application of the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

¶2 The agency removed the appellant from his GS-6 Lead Forestry Technician (Fire Engine Operator) position effective December 2, 2013, based on the charge of possession of marijuana on government property. Initial Appeal File (IAF), Tab 5 at 13-15, 26-27. According to the single specification, "[o]n June 29, 2013, during routine patrol, Law Enforcement Officers discovered marijuana in [the appellant's] vehicle, while [the appellant was] camping with [his] wife on Mendocino National Forest property." *Id.* at 26.

¶3 The appellant timely appealed his removal, arguing that his wife, who possessed an expired medical marijuana identification card, was cited for possession of marijuana, but that he was not issued a citation. IAF, Tab 1 at 7. After holding the appellant's requested hearing, the administrative judge found that: (1) the marijuana was discovered in the appellant's wife's purse, which was located on the side of the vehicle where she had been sitting; (2) the appellant and his wife offered unrebutted testimony that the marijuana belonged to her and that the appellant did not use marijuana; and (3) the appellant testified that, while he knew that his wife used marijuana for medicinal purposes and assumed that she may have brought marijuana on the camping trip, he did not know that for a fact.

Initial Decision (ID) at 2-3.  In response to the agency's argument that because the marijuana was found in the appellant's vehicle he was in possession of it, the administrative judge discussed precedent from the Ninth Circuit Court of Appeals, which provided that mere proximity to contraband and association with a person having control over the contraband, does not establish possession.  ID at 3 (quoting *United States* v. *Behanna*, 814 F.2d 1318, 1320 (9th Cir. 1987) and citing *United States v. Rodriguez*, 761 F.2d 1339, 1341 (9th Cir. 1985) and *United States v. Valenzuela*, 596 F.2d 824, 830-31 (9th Cir. 1979)); *see, e.g.*, IAF, Tab 5 at 8.  The administrative judge reversed the agency action and ordered the agency to provide interim relief in accordance with 5 U.S.C. § 7701(b)(2)(A) if either party filed a petition for review.  ID at 4-5.

¶4      The agency has petitioned for review of the initial decision, Petition for Review (PFR) File, Tab 1, and the appellant has responded, PFR File, Tab 4.  The appellant also has timely filed a motion to dismiss the agency's petition for review for failure to comply with the interim relief order.  PFR File, Tab 3.  The agency has responded to the appellant's motion.  PFR File, Tab 5.

## DISCUSSION OF ARGUMENTS ON REVIEW

The agency has substantially complied with the interim relief order.

¶5      When an administrative judge has ordered interim relief under 5 U.S.C. § 7701(b)(2)(A), an agency must submit a certification with its petition for review that it has either provided interim relief, or has determined that the appellant's return to, or presence in, the workplace would be unduly disruptive.  5 C.F.R. § 1201.116(a); *Christopher v. Department of the Army*, 107 M.S.P.R. 580, ¶ 5, *aff'd*, 299 F. App'x 964 (2008).  If, upon filing the petition for review, the agency has shown that it timely took appropriate administrative action that will result in the issuance of a paycheck for the interim relief period, the agency is in compliance with the interim relief order.  *Salazar v. Department of Transportation*, 60 M.S.P.R. 633, 639 (1994).  This holds even if disbursement is

delayed, as long as the payments and benefits are issued during the interim period. *Christopher*, [107 M.S.P.R. 580](link), ¶ 9; *see Kolenc v. Department of Health & Human Services*, [120 M.S.P.R. 101](link), ¶ 11 (2013) (declining to dismiss a petition for review for failure to provide interim relief where the agency's delay in compliance was inadvertent and the shortcomings in compliance were not serious).

¶6        Here, with its petition for review, the agency submits, as evidence of its compliance with the interim relief order, a Standard Form (SF) 52 requesting that the appellant be returned to duty effective the day after the initial decision and a declaration from the deciding official that the agency placed the appellant on administrative leave because returning him to duty would be unduly disruptive.[2] PFR File, Tab 1 at 14-16. In response to the appellant's motion to dismiss, the agency provides additional evidence showing that on June 30, 2014, it paid him for the period commencing with the issuance of the initial decision, and the agency asserts that he will receive his regular pay going forward. *See id.* at 4, 6-7. Because the agency has substantially complied with the interim relief order, we deny the appellant's motion to dismiss.

---

[2] The agency, as part of its provision of relief, prepared SF-52s requesting that the appellant's removal be cancelled effective December 2, 2013, and that he be placed in a leave without pay status for the period from December 2, 2013, until the date of the initial decision. PFR File, Tab 1 at 10-13. This relief exceeds the administrative judge's interim relief order, but the agency's error is of no significance. *See Moscato v. Department of Education*, [72 M.S.P.R. 266](link) (1996) (an agency's good faith, inadvertent error in exceeding the requirements of the administrative judge's interim relief order does not render its petition for review moot), *aff'd*, 155 F.3d 568 (Fed. Cir. 1998). In addition, the agency afforded interim relief, starting the day after the date of the initial decision, despite the administrative judge's instructions that interim relief "be effective as of the date of" the initial decision. ID at 5. Despite this minor error, we find the agency in substantial compliance with the interim relief order. *See Christopher*, [107 M.S.P.R. 580](link), ¶ 9.

The agency has not shown error in the administrative judge's decision reversing the removal action.

¶7      On review, the agency contends that the administrative judge's "reliance on criminal law was inappropriate because the removal charge was based on [the] appellant's conduct rather than the merits of a criminal charge." PFR File, Tab 1 at 5. The agency then argues that the Ninth Circuit cases cited by the administrative judge are inapplicable because they did not involve an individual who had knowledge that contraband was within arm's reach in an automobile that he owned. *See id.* at 5-6.

¶8      Contrary to the agency's suggestion, the administrative judge did not misconstrue the charged misconduct as being criminal in nature; rather, the administrative judge looked to court cases for guidance regarding whether, under the circumstances of this case, the agency established by preponderant evidence that the appellant possessed marijuana. Moreover, the agency has not offered an alternative source for the definition of the term "possession," and in its initial response to the appeal cited Black's Law Dictionary for the definition of "possession" and noted that possession may be actual ("on the person of someone") or constructive ("extending to things under one's power and dominion, such as an automobile, purse, or dwelling"). IAF, Tab 5 at 8.

¶9      Although not mentioned by the agency in its discussion of the cases cited by the administrative judge, those cases make clear that to establish possession of contraband there is a requirement of both knowledge of the contraband's existence and the power to exercise dominion and control over the contraband. *See Behanna*, 814 F.2d at 1320 (stating that mere proximity to contraband goes only to its accessibility, not to the required dominion or control); *Rodriguez*, 761 F.2d at 1341 (stating that "[i]n order to prove constructive possession of property, the government must demonstrate that the defendant both knows of the presence of the contraband and has power to exercise dominion and control over

it").[3]  While arguing that the appellant knew that his wife possessed marijuana and that the marijuana was in the appellant's vehicle, the agency failed to address whether the appellant had dominion and control over the marijuana.  PFR File, Tab 1 at 5-6.  The agency, for example, did not cite anything to support the proposition that the driver of a vehicle is assumed to have dominion and control over the personal effects of the passengers.

¶10      Here, the record shows that the marijuana was in the appellant's wife's purse located on her side of the automobile.  The agency cites nothing factually to suggest that the appellant had dominion or control over his spouse's purse and cites no legal authority for finding that the appellant can be held responsible for another individual's possession of marijuana where he lacked dominion or control over it.  The appellant's lack of dominion and control over the marijuana is further supported by the fact that only the appellant's wife was cited by the police for possession of marijuana.  Even if we were to examine the charged misconduct without considering the judicial interpretation of possession, the agency has failed to establish the charged misconduct.  For example, the agency has cited nothing to support the deciding official's testimony that individuals who cohabitate and jointly own property are responsible for each other's actions under the circumstances present here.[4]

¶11      In sum, the agency has not shown that the administrative judge erred in finding that the record in this case does not support a finding that the appellant possessed marijuana on government property.  Accordingly, the agency's petition for review is DENIED.

---

[3] While the cases cited by the administrative judge are more than 25 years old, the agency has not suggested that they do not reflect the current state of the law.  *See, e.g.*, *United States v. Nungaray*, 697 F.3d 1114, 1117 (9th Cir. 2012).

[4] The agency cites numerous cases holding that possession of marijuana on government property is a serious offense that supports removal.  PFR File, Tab 1 at 7-8.  Those cases are irrelevant to the instant case because the agency failed to prove that the appellant possessed marijuana.

**ORDER**

¶12        We ORDER the agency to cancel the appellant's removal and to retroactively restore the appellant effective **December 2, 2013**.  *See Kerr v. National Endowment for the Arts*, 726 F.2d 730 (Fed. Cir. 1984).  The agency must complete this action no later than 20 days after the date of this decision.

¶13        We also ORDER the agency to pay the appellant the correct amount of back pay, interest on back pay, and other benefits under the Office of Personnel Management's regulations, no later than 60 calendar days after the date of this decision.  We ORDER the appellant to cooperate in good faith in the agency's efforts to calculate the amount of back pay, interest, and benefits due, and to provide all necessary information the agency requests to help it carry out the Board's Order.  If there is a dispute about the amount of back pay, interest due, and/or other benefits, we ORDER the agency to pay the appellant the undisputed amount no later than 60 calendar days after the date of this decision.

¶14        We further ORDER the agency to tell the appellant promptly in writing when it believes it has fully carried out the Board's Order and of the actions it took to carry out the Board's Order.  The appellant, if not notified, should ask the agency about its progress.  *See* 5 C.F.R. § 1201.181(b).

¶15        No later than 30 days after the agency tells the appellant that it has fully carried out the Board's Order, the appellant may file a petition for enforcement with the office that issued the initial decision on this appeal if the appellant believes that the agency did not fully carry out the Board's Order.  The petition should contain specific reasons why the appellant believes that the agency has not fully carried out the Board's Order, and should include the dates and results of any communications with the agency.  5 C.F.R. § 1201.182(a).

¶16        For agencies whose payroll is administered by either the National Finance Center of the Department of Agriculture (NFC) or the Defense Finance and Accounting Service (DFAS), two lists of the information and documentation necessary to process payments and adjustments resulting from a Board decision

are attached.  The agency is ORDERED to timely provide DFAS or NFC with all documentation necessary to process payments and adjustments resulting from the Board's decision in accordance with the attached lists so that payment can be made within the 60-day period set forth above.

## NOTICE TO THE APPELLANT REGARDING
## YOUR RIGHT TO REQUEST
## ATTORNEY FEES AND COSTS

You may be entitled to be paid by the agency for your reasonable attorney fees and costs.  To be paid, you must meet the requirements set out at Title 5 of the United States Code (5 U.S.C.), sections 7701(g), 1221(g), or 1214(g).  The regulations may be found at 5 C.F.R. §§ 1201.201, 1201.202, and 1201.203.  If you believe you meet these requirements, you must file a motion for attorney fees WITHIN 60 CALENDAR DAYS OF THE DATE OF THIS DECISION.  You must file your attorney fees motion with the office that issued the initial decision on your appeal.

## NOTICE TO THE APPELLANT REGARDING
## YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit.  You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order.  *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012).  If you choose to file, be very careful to file on time.  The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed.  *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right. It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for your court appeal, you may visit our website at http://www.mspb.gov/probono for a list of attorneys who have expressed interest in providing pro bono representation for Merit Systems Protection Board appellants before the court. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD: _____

William D. Spencer
Clerk of the Board

Washington, D.C.

|  | **DFAS CHECKLIST** <br><br> **INFORMATION REQUIRED BY DFAS IN ORDER TO PROCESS PAYMENTS AGREED UPON IN SETTLEMENT CASES OR AS ORDERED BY THE MERIT SYSTEMS PROTECTION BOARD** |
| --- | --- |

## CIVILIAN PERSONNEL OFFICE MUST NOTIFY CIVILIAN PAYROLL OFFICE VIA COMMAND LETTER WITH THE FOLLOWING:

1. Statement if Unemployment Benefits are to be deducted, with dollar amount, address and POC to send.

2. Statement that employee was counseled concerning Health Benefits and TSP and the election forms if necessary.

3. Statement concerning entitlement to overtime, night differential, shift premium, Sunday Premium, etc, with number of hours and dates for each entitlement.

4. If Back Pay Settlement was prior to conversion to DCPS (Defense Civilian Pay System), a statement certifying any lump sum payment with number of hours and amount paid and/or any severance pay that was paid with dollar amount.

5. Statement if interest is payable with beginning date of accrual.

6. Corrected Time and Attendance if applicable.

## ATTACHMENTS TO THE LETTER SHOULD BE AS FOLLOWS:

1. Copy of Settlement Agreement and/or the MSPB Order.

2. Corrected or cancelled SF 50's.

3. Election forms for Health Benefits and/or TSP if applicable.

4. Statement certified to be accurate by the employee which includes:

   a. Outside earnings with copies of W2's or statement from employer.
   b. Statement that employee was ready, willing and able to work during the period.
   c. Statement of erroneous payments employee received such as; lump sum leave, severance pay, VERA/VSIP, retirement annuity payments (if applicable) and if employee withdrew Retirement Funds.

5. If employee was unable to work during any or part of the period involved, certification of the type of leave to be charged and number of hours.



## NATIONAL FINANCE CENTER CHECKLIST FOR BACK PAY CASES

Below is the information/documentation required by National Finance Center to process payments/adjustments agreed on in Back Pay Cases (settlements, restorations) or as ordered by the Merit Systems Protection Board, EEOC, and courts.

1. Initiate and submit AD-343 (Payroll/Action Request) with clear and concise information describing what to do in accordance with decision.

2. The following information must be included on AD-343 for Restoration:

  a.  Employee name and social security number.
  b.  Detailed explanation of request.
  c.  Valid agency accounting.
  d.  Authorized signature (Table 63)
  e.  If interest is to be included.
  f.  Check mailing address.
  g.  Indicate if case is prior to conversion.  Computations must be attached.
  h.  Indicate the amount of Severance and Lump Sum Annual Leave Payment to be collected. (if applicable)

## Attachments to AD-343

1.  Provide pay entitlement to include Overtime, Night Differential, Shift Premium, Sunday Premium, etc. with number of hours and dates for each entitlement. (if applicable)

2.  Copies of SF-50's (Personnel Actions) or list of salary adjustments/changes and amounts.

3.  Outside earnings documentation statement from agency.

4.  If employee received retirement annuity or unemployment, provide amount and address to return monies.

5.  Provide forms for FEGLI, FEHBA, or TSP deductions. (if applicable)

6.  If employee was unable to work during any or part of the period involved, certification of the type of leave to be charged and number of hours.

7.  If employee retires at end of Restoration Period, provide hours of Lump Sum Annual Leave to be paid.

NOTE:  If prior to conversion, agency must attach Computation Worksheet by Pay Period and required data in 1-7 above.

The following information must be included on AD-343 for Settlement Cases: (Lump Sum Payment, Correction to Promotion, Wage Grade Increase, FLSA, etc.)

  a.  Must provide same data as in 2, a-g above.
  b.  Prior to conversion computation must be provided.
  c.  Lump Sum amount of Settlement, and if taxable or non-taxable.

If you have any questions or require clarification on the above, please contact NFC's Payroll/Personnel Operations at 504-255-4630.